# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROGER GERALD STRICKLAND,<br>Appellant, | DOCKET NUMBER<br>AT-0752-13-7164-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: May 20, 2015 |

## THIS ORDER IS NONPRECEDENTIAL[*]

Roger Gerald Strickland, Pass Christian, Mississippi, pro se.

Tracey Rockenbach, Esquire, Washington Navy Yard, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. For the reasons discussed below, we GRANT the petition for review, AFFIRM the administrative judge's finding that the agency did not violate the appellant's constitutional due process rights, and

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant is an Electronics Technician at the agency's Naval Oceanographic Office (NAVOCEANO) at the Stennis Space Center. MSPB Docket No. AT-0752-13-7164-I-1, Initial Appeal File (IAF), Tab 1 at 7, Tab 3 at 12. On May 30, 2013, the agency proposed to furlough him based on "the extraordinary and serious budgetary challenges facing the Department of Defense (DoD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013," i.e., across-the-board reductions to federal budgetary resources caused by the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012. IAF, Tab 1 at 7. The notice proposed furloughing full-time employees, such as the appellant, for up to 11 days, and provided each employee an opportunity to respond orally and/or in writing to the designated deciding official. *Id*. at 7-8. On June 24, 2013, the agency issued a decision upholding the proposed furlough. *Id*. at 10-11. The decision letter stated that employees would be furloughed between July 8, 2013, and September 30, 2013. *Id*. at 10.

¶3 The appellant filed this appeal of his furlough. IAF, Tab 1. The administrative judge consolidated his appeal with a number of others filed by employees that she deemed similarly situated. MSPB Docket No. AT-0752-14-0259-I-1, Consolidated Appeal File (CAF), Tab 1. Following a hearing, the administrative judge upheld the furloughs. CAF, Tab 7, Initial Decision (ID). In relevant part, the administrative judge found that the furloughs were a reasonable management solution to the financial restrictions placed upon the agency and that they were implemented in a fair and even manner. ID at 5-10. The administrative judge further found that the appellant had failed to prove any due process violation related to the furlough. ID at 10-13.

¶4    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  On petition for review, the appellant contends that he:  (1) should have been excepted from the furlough because he was deployed to a combat zone when the proposal notice was issued and because he was taking malaria medication when he received the notice of decision; and (2) was denied due process because he was at sea when he received the notice of proposed furlough.  *Id*. at 4-6.  The agency has filed a response, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has failed to show that the agency deprived him of his constitutional right to minimum due process of law or committed harmful error.</u>

¶5    The appellant asserts that he was denied constitutional due process because he was at sea when he received the notice of proposed furlough and was told his written response had to be mailed or hand-delivered and his oral response had to be delivered in person, neither of which was possible.  PFR File, Tab 1 at 4-5.  An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985).

¶6    Here, the appellant received the notice of proposed furlough on June 4, 2013, as indicated by his signature and acknowledgement on the proposal notice.  IAF, Tab 1 at 9.  The proposal notice informed him that he had 7 days from receipt of the letter to respond orally and/or in writing.  *Id*.  While the appellant may not have been able to respond in person, he has offered no evidence in support of his contention that he could not submit a written response, nor has he provided any evidence indicating that he made a reasonable effort to respond.  Accordingly, under the circumstances in this case, we find that the appellant has

not established that the agency violated his constitutional due process rights. *See Kinsey v. Department of the Navy*, 59 M.S.P.R. 226, 229 (1993) (where an agency has provided an employee with an opportunity to make a written reply to a notice of proposed adverse action, its failure to afford him an opportunity to make an oral reply does not violate his right to minimum due process); *see also Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 11 (2014) (in the absence of any indication that the appellant made a reasonable effort to assert his opportunity to respond, or that the agency denied him his right to respond through action, negligence, or design, the appellant was not denied due process).

¶7        Although the agency's conduct did not constitute a constitutional violation, we still must decide whether the agency committed a harmful procedural error. *See, e.g.*, *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1281-83 (Fed. Cir. 2011). Under 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision." A procedural error is harmful where the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015); 5 C.F.R. § 1201.56(c)(3). To the extent the agency did send the appellant the proposal notice while he was at sea, the record does not support a finding that the agency committed a procedural error in doing so. Further, even assuming that the agency's actions did constitute procedural error, the appellant has failed to demonstrate that any such error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See Pumphrey*, 122 M.S.P.R. 186, ¶ 10. Accordingly, we find that the appellant has failed to meet his burden of proving harmful error. *See id*. (the appellant bears the burden of proving harm).

<u>The appeal must be remanded for further adjudication of the issue of whether the agency proved that cause existed for the furlough action.</u>

¶8      An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). The administrative judge did not address the appellant's contention that he was excepted from the furlough. Thus, we address that allegation here.

¶9      Pursuant to a May 14, 2013 Secretary of Defense memorandum, nine categories of employees were excepted from the furloughs for mission-specific reasons applicable to Navy personnel. Department of the Navy Administrative Record for FY 2013 Furlough Appeals (Navy Administrative Record), available at www.mspb.gov/furloughappeals/navy2013.htm, Tab 12 at 108-09. Included among these exceptions were "all employees deployed (in a Temporary Duty status) or temporarily assigned (to include Temporary Change of Station) to a combat zone." *Id*. at 108. The memorandum clarified that "[a] 'deployed civilian's' period of deployment includes time spent in attendance at mandatory pre-deployment training as well as in completing mandatory post-deployment requirements." *Id*. at 114.

¶10      Under 5 U.S.C. §§ 7512(5) and 7513(a), an agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service." Accordingly, an agency must prove that cause existed for the furlough and that the furlough promotes the efficiency of the service. *Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 9 (2014). An agency meets its burden of proving that a furlough promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *Chandler v.*

*Department of the Treasur*y, [120 M.S.P.R. 163](), ¶ 8 (2013). Before the Board reaches the issue of whether an action promotes the efficiency of the service, however, an agency must first establish that there is "cause" under [5 U.S.C. § 7513](a). *Dye*, [121 M.S.P.R. 142](), ¶ 9. If the agency fails to allege or prove "cause" for the action, the Board's inquiry stops there. *Id*. The agency's burden to show "cause" for a furlough encompasses whether the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough. *Id*.

¶11    Here, the appellant does not dispute the administrative judge's finding that the agency's furloughs were a reasonable management solution to the budget cuts required by sequestration, and we decline to revisit the administrative judge's well-reasoned finding on the issue. *See generally Lopez v. Department of the Navy*, [121 M.S.P.R. 647](), ¶¶ 4, 15-16 (2014) (affirming the administrative judge's determination that furloughs were a reasonable management solution to the financial restrictions resulting from sequestration). Nor does the appellant allege that the agency applied the furlough in an unfair or uneven manner. *See Chandler*, [120 M.S.P.R. 163](), ¶ 8 (explaining that "fair and even manner" means that the agency treated similar employees similarly and justified any deviations with legitimate management reasons). Rather, he contends that he should have been excepted from the furlough because he was deployed to a combat zone when the proposal notice was issued. PFR File, Tab 1 at 4. He further alleges that he was not subject to the furlough because he was taking malaria medication when he received the decision letter and therefore was completing mandatory post-deployment requirements at that time. *Id*. The record is unclear, however, as to whether the agency correctly determined that the appellant was not excepted from the furlough due to his deployment status. Therefore, it is unclear whether the agency demonstrated "cause" for its furlough action against the appellant.

¶12    The parties did not adequately present evidence and argument relating to the above issue and were not placed on notice that this would be the dispositive issue

in this case. *See Dye*, 121 M.S.P.R. 142, ¶ 11. Accordingly, this case must be remanded to the regional office so that the record can be developed regarding this issue. *Id*., ¶¶ 10-12 (remanding where the issue of whether the appellant was excepted from the furlough was not developed below); *Somuk v. Department of the Navy*, 117 M.S.P.R. 18, ¶¶ 12-13 (2011) (remanding when the parties were not placed on notice of the material issues of fact and law in the case); *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 74 (1997) (an administrative judge is responsible for developing the record evidence as necessary and appropriate); *Powers v. Department of Health, Education, and Welfare*, 3 M.S.P.R. 342, 345 (1980) (remanding when potentially dispositive issues were not adequately developed below).

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.